Matthew C Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
Tel.: 602-523-1863
Matthew.Oskowis@live.com

Plaintiff Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis, individually and on behalf of E.O., <br><br> Plaintiffs, <br><br> vs. <br><br> Sedona Oak-Creek Unified School District #9, <br><br> Defendant. | Case No.: CV-17-08197-DLR <br><br> RESPONSE TO DEFENDANTS FIRST MOTION FOR JUDGEMENT ON THE PLEADINGS <br><br><br> (BEFORE THE HONORABLE DOUGLAS L. RAYES) |

Matthew Oskowis ("Parent Plaintiff"), individually and on behalf of E.O., plaintiff pro se, hereby respectfully submits this Response to Defendant's Motion for Judgement on the Pleadings ("Response") in regards to Defendant Sedona Oak Creek Unified School District #9 ("District"), DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P 12(C) ("Motion for Judgement") (Doc #16), filed February 9, 2018.

Parent Plaintiff formerly incorporates the prior discussion of the Individuals with Disabilities Education Act ("IDEA") and the Section 504 and Title II of the American Disabilities Act of 1990 and the Civil Rights Act of 1871 ("Section 1983") from the Plaintiff's original Complaint (Doc #1, ¶¶ 13-49) as if more fully set forth herein.

//

**District's Fed. R. Civ. P 12(c) Motion**

District's Motion is brought under Fed. R. Civ. P 12(c). Parent Plaintiff asserts that a Rule 12(c) motion is "'functionally identical'" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011).

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In fact, untimely motions to dismiss are sometimes treated as a motion for judgment on the pleadings. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

The Ninth Circuit Court of Appeals has held that, "A judgment on the pleadings is a decision on the merits and we review it de novo." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989), cert. denied, 493 U.S. 1079 (1990). *See also Harris v. Cnty. of Orange* 682 F. 3d 1126, 1131, (9th Cir. 2012)

A motion for judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1990). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA*, *N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). (citations and quotations omitted.)

//

//

Matthew C Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
(602) 907-0743

**IDEA provides for Section 1983 within Procedural Safeguards**

Parent Plaintiff asserts that by its terms, Section 1983 can be used to remedy the deprivation of "rights" granted to the plaintiff under Constitution, federal statutes, and regulations implementing those statutes. Constitutional provisions that are enforceable under Section 1983 consist of those which create personal rights and either explicitly apply to the states, or have been held to apply to the states by operation of the Fourteenth Amendment (see *Duncan v. Louisiana*, 391 U.S. 145, 148-49 (1968)).

Parent Plaintiff asserts that under the separation of powers doctrine, only the legislative branch has the power to create statutory causes of action (*see Cannon v. University of Chicago*, 441 U.S. 677, 730 (1979) (Powell, J., dissenting)). Hence, the ability of a private party to successfully sue to enforce a statute depends on whether Congress, in enacting the statute, has given the plaintiff a "private right of action." As noted, these rights are sometimes expressly granted by statute. All other rights are "implied," and a court's task is to discern the intent of Congress (see *Blessing v. Freestone*, 520 U.S. 329, 342 (1997)).

Within the IDEA, there lies a specific statute within 20 U.S.C. § 1415 Procedural Safeguards, § 1415(l), which states:

> "Rule of construction – Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. 790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter." - 20 U.S.C. § 1415(l)

Matthew C Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
(602) 907-0743

Parent Plaintiff asserts that Congressional intent with the 1986 amendment of § 1415(l) was clearly defined: "since 1978, it has been Congress' intent to permit parents or guardians to pursue the rights of handicapped children through [IDEA], section 504, and section 1983." (*see W.B. v. Matula*, 67 F.3d 484, 494 (quoting H.R. Rep. No. 99-296, at 4 (1985))). Thus, § 1415(l) was enacted "reaffirm, in light of [Smith], the viability of section 504, 42 U.S.C. § 1983, and other statutes as separate vehicles for ensuring the rights of handicapped children." (*see Id.* (referring to the 1986 amendment effectively overruling *Smith v. Robinson*, 468 U.S. 992, 1012-13 (1984) [The Supreme Court had previously ruled in *Smith v. Robinson* that the IDEA was the exclusive avenue through which a parent could pursue relief for its violations]).

**Parents have Independent Enforceable Rights under IDEA**

In *Winkelman v. Parma City School District*, 550 U.S. 516 (2007), a civil suit under the IDEA the U.S. Supreme Court stated:

> "The Court of Appeals erred when it dismissed the Winkelman's appeal for lack of counsel. Parents enjoy rights under IDEA... they are ... entitled to prosecute IDEA claims on their own behalf. The decision by Congress to grant parents these rights was consistent with the purpose of IDEA and fully in accord with our social and legal traditions ... It is beyond dispute that the relationship between a parent and child is sufficient to support a legally cognizable interest in the education of one's child..."

In *Winkleman*, the Supreme Court held the provisions of the IDEA clearly show that "[p]arents enjoy enforceable rights at the administrative stage, and it would be inconsistent with the statutory scheme to bar them from continuing to assert these rights in federal court."

Parent Plaintiff asserts that the District, due to the student's close proximity to school, would have not otherwise provided transportation service to school unless defined in the child's IEP. As the transportation in question (Bus #15) of E.O. was specifically a service provided

Matthew C Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
(602) 907-0743

through the child's IEP under the auspices of the IDEA and the District's deliberate discrimination arose through the provision of those services, Plaintiff Parent asserts that his "enforceable rights" under IDEA defined by the Supreme Court in *Winkleman* extend to the present matter as well.

### IDEA, Title II, and Section 504

In the District's Motion for Judgment, the District's apparent focus is on the elimination of the Section 1983 claims. Subsequently, the District also validates that the Parent Plaintiff has the ability to claim injunctive or other prospective relief under IDEA (*see* "Motion for Judgment", Doc. #16, p. 6, l. 18) and injunctive relief or money damages under Title II and Section 504 (*Id.*, p. 9, l. 1). Parent Plaintiff asserts that he is making claims not only under Section 1983, but that he also makes the claim under IDEA, Title II and Section 504 as well (Complaint, Doc, #1, ¶ 68), thus eliminating the Section 1983 claims does not eliminate the complaint itself.

### Granting Parent Plaintiff Leave to Amend

To the extent the Court is inclined to grant any portion of the Plaintiff's Motion for Judgement on the Pleadings, the Parent Plaintiff requests that it be granted leave to amend its Complaint to cure any purported deficiencies in any allegation. Because the present case is still in a nascent stage, Parent Plaintiff asserts that a leave to amend his Complaint will not be prejudicial to the District. (*see C.W. v. Capistrano Unified School District (2015)*, 779 F.3d 956 (9th Cir. 2015) (where the plaintiff parent K.S. was given leave to amend her § 504 claim after it was dismissed for failing to meet the standards under *Twombly & Iqbal*)).

Parent Plaintiff asserts that leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment …" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

Matthew C Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
(602) 907-0743

1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).

Parent Plaintiff intention would be to seek redress for violations under Title II and Section 505 for the money damages currently posed under Section 1983 in the original complaint as well.

## Conclusion

For the foregoing reasons, the Parent Plaintiff respectfully request that Defendant's Motion for Judgement on the Pleadings be denied.

**RESPECTFULLY SUBMITTED** this 24th day of February 2018.

_____
Matthew C. Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, AZ  86336

///

Matthew C Oskowis
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
(602) 907-0743

## CERTIFICATE OF SERVICE

I, Matthew C Oskowis, hereby certify that on February 24, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal to the following CM/ECF registrant(s) with respect to this case:

>Patrice M. Horstman
>Alex D. Ivan
>On behalf of Sedona-Oak Creek Unified School District No. 9
>HUFFORD, HORSTMAN, MONGINI, PARNELL & TUCKER, P.C.
>120 North Beaver Street
>P.O. Box B
>Flagstaff, AZ 86002
>*Attorneys for Defendant*

>Matthew C. Oskowis
>2370 W Hwy 89A Ste 11-244
>Sedona, AZ 86336
>*Plaintiff Pro Se*

/s/ Matthew C Oskowis

**Matthew C Oskowis**
2370 W Hwy 89A Ste 11-244
Sedona, Arizona 86336
(602) 907-0743