**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>        Plaintiff,<br><br>v.<br><br>Sedona Oak-Creek Unified School District #9, et al.,<br><br>        Defendants. | No. CV-17-08197-PCT-DLR<br><br>**ORDER** |

    At issue is Defendants Sedona Oak-Creek Unified School District #9 ("the District"), David D. Lykins, Scott Keller, and Tiffany Wilson's motion for judgment on the pleadings, which is fully briefed. (Docs. 16, 18, 20.) Neither party requested oral argument. For the following reasons, Defendants' motion is granted.

**I. Background**[1]

    Plaintiff Matthew Oskowis' son, E.O., is severely autistic. (Doc. 1 ¶ 59.) As such, he is a child with a disability as defined by the Individuals with Disabilities Act ("IDEA"). 20 U.S.C. § 1401(3)(A). Under IDEA, the District has a duty to provide E.O. with a "free appropriate public education" ("FAPE"). *Id.* § 1401(9). This FAPE is implemented through an "individualized education program" ("IEP"), a written statement

---

[1] For purposes of this order, the facts alleged in Plaintiff's complaint are taken as true. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that, in ruling on a Rule 12(c) motion, the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendants' answer that contradict the plaintiff's allegations).

detailing how a school district intends to tailor public education to a disabled child's needs. 20 U.S.C. § 1414(d). E.O.'s IEP provides for daily bus transportation to and from school. (Doc. 18 at 4-5.)

In November 2015, Plaintiff noticed that E.O.'s school bus was arriving at his home for pickup after the scheduled start of the school day. (Doc. 1 ¶¶ 50-51.) Upon further investigation, Plaintiff discovered E.O.'s bus was regularly arriving at school up to an hour late because of a circuitous service route that picked up and dropped off high school students before dropping off E.O. and his classmates. (¶¶ 52-54.) Plaintiff also discovered that the District was aware of the issue but had been reluctant to fix it. (¶ 53.) The tardiness, beginning in at least August 2015, negatively impacted E.O.'s education by reducing instructional time. (¶ 31.) In late November, Plaintiff shared his concerns with the District, which then adjusted the route allowing E.O. to arrive at school on time for the remainder of the school year. (¶ 58.)

In September 2017, Plaintiff brought this action individually and on behalf of E.O., alleging claims against Defendants under 42 U.S.C. § 1983 for violations of IDEA, § 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), and the equal protection guarantees of the Fourteenth Amendment to the United States Constitution. Defendants now seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## II. Legal Standard

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings should not be granted if the complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

**III. Discussion**

Preliminarily, Plaintiff suggests in his response brief that, in addition to his claims under § 1983, he intended to bring claims directly under the remedial schemes for IDEA, the Rehabilitation Act, and the ADA. (Doc. 18 at 5.) The Court disagrees. Fairly read, Plaintiff's complaint states claims under § 1983 only. The Court therefore will analyze Defendants' motion with respect to the claims Plaintiff actually alleged, and will address Plaintiff's proposed claims in the context of his request for leave to amend.

Section 1983 creates a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Section 1983 is not a source of substantive rights but merely a method for vindicating federal rights established elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Here, Plaintiff seeks to hold the District and individually named defendants liable under § 1983 for violating IDEA, the ADA, the Rehabilitation Act, and the Equal Protection Clause. (Doc. 1 ¶¶ 62-69.) Defendants argue that they are entitled to judgment on the pleadings for two reasons: (1) Plaintiff lacks standing to assert a Fourteenth Amendment violation on E.O.'s behalf and (2) § 1983 cannot be used to address violations of IDEA, the ADA, and the Rehabilitation Act because each statute includes a comprehensive remedial scheme. The Court agrees.

**A. Fourteenth Amendment**

At the outset, Plaintiff may not bring a vicarious Fourteenth Amendment claim for injuries suffered by E.O. Plaintiff has not asserted violations of his own constitutional rights and E.O.'s claims are "personal and cannot be asserted vicariously." *Johns v. Cty*

*of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Plaintiff may bring a Fourteenth Amendment claim on E.O.'s behalf as a legal guardian under Fed R. Civ. P. 17(c). Plaintiff, however, may not represent E.O. pro se. *Johns*, 114 F.3d at 877; *see also Buran v. Riggs*, 5 F. Supp. 3d 1212 (D. Nev. 2014) (holding that a father could not bring a § 1983 action against a school district alleging violation of the Equal Protection clause on his minor son's behalf). Plaintiff's own Fourteenth Amendment claim, to the extent that he brings one, is dismissed for lack of standing. Plaintiff's claim on behalf of E.O. is dismissed because he may not represent E.O. pro se in federal court.

### B. Statutory Claims

Violations of federal law may not be addressed through § 1983 if "Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). Each of the federal statutes Plaintiff alleges Defendants violated include remedial schemes that are sufficiently comprehensive to foreclose enforcement under § 1983. *See C.O. v. Portland Pub. Sch.*, 679 F.3d 1162, 1166 (9th Cir. 2012) ("We have repeatedly held that the IDEA creates a 'comprehensive enforcement scheme . . . .'")[2]; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 . . . to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Accordingly, Defendants are entitled to judgment on Plaintiff's § 1983 claims predicated on violations of IDEA, ADA, and the Rehabilitation Act.

### IV. Leave to Amend

Having determined that the complaint fails to state a cognizable claim, the Court must consider whether to grant Plaintiff leave to amend. Rule 15(a)(2) requires the Court to "freely give leave when justice so requires." Leave need not be granted, however, "where the amendment of the complaint would cause the opposing party undue prejudice,

---

[2] Plaintiff relies on *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995), for the proposition that Congress intended § 1983 be used to address IDEA violations, but in 2007 the Third Circuit reversed itself on that issue. *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 799 (3d Cir. 2007).

- 4 -

is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, Plaintiff suggests he can amend to "seek redress for violations under Title II and Section 505 [sic] for the money damages currently posed under Section 1983 in the original complaint . . . ." (Doc. 18 at 6.)

At the outset, the Court notes that Plaintiff previously had an opportunity to amend the complaint but chose not to do so. Specifically, the Court issued an order on September 26, 2017, stating, in relevant part:

> 1. Before the filing of any motion to dismiss under Rule 12(b)(6), the parties must confer in good faith to determine whether the motion can be avoided. The duty to confer also applies to parties appearing pro se. Defendant shall explain to Plaintiff the reasons why Defendant believes the complaint fails to state a claim for relief. The parties shall discuss whether the deficiencies identified by Defendant can be cured through an amended complaint. If the parties agree on this point, Plaintiff shall file an appropriate amended complaint in order to avoid the filing of an unnecessary motion to dismiss.
>
> *2. Notwithstanding Plaintiff's belief that the complaint is sufficient to state a claim for relief, or Defendant's belief that the complaint is not curable, if Plaintiff believes that a permissible amendment can cure some or all of the purported deficiencies identified by Defendant, Plaintiff is encouraged to file an amended complaint containing all further allegations Plaintiff could make. This would avoid the need for Plaintiff to seek leave to amend should the Court determine that the motion to dismiss is well taken.*

(Doc. 6 (emphasis added).) Consistent with this order, before filing their motion for judgment on the pleadings, Defendants informed Plaintiff of the issues they planned to raise. (Doc. 16 at 11.) Rather than amend his complaint to address the perceived defects, Plaintiff chose to press his current complaint and let the Court rule on the issues raised by Defendants. By requesting leave to amend now, Plaintiff has flouted the Court's prior order in an attempt to have another bite at the apple. Plaintiff's decision to forego amending his complaint until after Defendants incurred the expense of moving for judgment on the pleadings has caused undue delay. Plaintiff's request for leave to amend also violates Local Rule 15.1, which requires a party who moves for leave to amend to

"attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends[.]"

Notwithstanding these defects, the Court has considered Plaintiff's proposed amendments and finds they are futile for a number of reasons. Monetary damages cannot be awarded in a suit brought under IDEA. *Portland Pub. Sch.*, 679 F.3d at 1166. Although prospective injunctive relief is available under IDEA, the bus tardiness issue has already been resolved by a new bussing arrangement. Moreover, Plaintiff already has filed three IDEA due process complaints on the bussing issue. Plaintiff appealed the administrative ruling to this Court in a case now pending before Judge Diane Humetewa. (Doc. 1 in *Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, 3:17-cv-08070-PCT-DJH.) The complaint in that case includes an identical claim about E.O.'s bus transportation brought under IDEA.

Even if Plaintiff's IDEA claim was not currently pending before another judge, he would be barred from raising the issue in this case at this time. IDEA due process appeals must be filed within 35 days of a ruling. Ariz. Admin. Code R7-2-405(H)(8). The deadline to appeal the most recent administrative ruling, rendered March 28, 2017, expired over a year ago on May 2, 2017. Accordingly, Plaintiff's proposed IDEA amendment is futile.

Plaintiff also lacks standing to bring a claim directly under Title II of the ADA or § 504 of the Rehabilitation Act. In *Winkleman*, the Supreme Court held that IDEA grants parents independent rights that may be enforced by parents themselves. *Winkleman v. Parma City School Dist.*, 550 U.S. 516, 516 (2007). Those rights are co-extensive with a child's right to a FAPE, not merely limited to procedural matters. *Id*. The Ninth Circuit later found similar independent rights in Title II and § 504, which Plaintiff cites to support the contention that he may bring a claim under either statute. *Blanchard v. Morton School Dist.*, 509 F.3d 934, 938 (9th Cir. 2007). Importantly, however, the parent in *Blanchard* incurred expenses (lost wages) for her child's benefit, creating an independent cognizable injury. *Id.* The Ninth Circuit therefore found that the parent had

standing insofar as she "[was] asserting and enforcing the rights of her son and incurring expenses for his benefit." *Id.; see also Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1115 (9th Cir. 1987) (declining to follow a ruling prohibiting a father from suing under § 504 "to the extent it prevented the father from recovering the expenses he incurred . . ."). Here, unlike in *Blanchard*, Plaintiff alleges no independent injury but seeks instead to be compensated for his son's lost instructional time.[3] This injury belongs to E.O., however, and Plaintiff cannot vindicate E.O.'s rights pro se. Nor has Plaintiff cited case law in which a court has found a parent to have suffered an independent injury without an incurred expense.[4] Plaintiffs' proposed amendments, therefore, are futile.

**V. Conclusion**

For the foregoing reasons, the Court dismisses Plaintiff's Fourteenth Amendment claims (1) for lack of standing, to the extent Plaintiff is attempting to bring a claim on his own behalf, and (2) because Plaintiff cannot represent E.O. pro se, to the extent he is seeking to vindicate E.O.'s constitutional rights. The Court also grants judgment for Defendants on all alleged statutory violations because their remedial schemes preclude enforcement via § 1983. Finally, leave to amend is denied because Plaintiff's proposed amendments would be futile. Accordingly,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 16) is **GRANTED** as follows:

1. The Clerk shall enter judgment in favor of Defendants and against Plaintiff on Plaintiff's § 1983 claim predicated on alleged violations of IDEA, Title II of the ADA, and § 504 of the Rehabilitation Act.

//

//

---

[3] E.O.'s bus route was revised after a single email. (Doc. 1 ¶ 48.) Plaintiff cannot credibly allege that the time and energy required to write one email was an "incurred expense" for his son's benefit.

[4] Punitive damages cannot be awarded in a suit brought under Title II of the ADA or § 504 of the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002).

2. The Clerk shall dismiss without prejudice Plaintiff's § 1983 claim predicated on alleged violations of the Fourteenth Amendment. If Plaintiff wishes to reassert this claim on E.O.'s behalf in a new lawsuit, he must do so through counsel.

Dated this 21st day of June, 2018.

Douglas L. Rayes
United States District Judge